IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

BENIAMIN LUCESCU and
GEORGETA LUCESCU,

      Defendants.

Case No. 3:24-cr-00235-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Defendant Georgeta Lucescu moves to dismiss count five of the Superseding Indictment

due to merger. Def. Georgeta's Mot. Dismiss 1, ECF No. 63. Defendant Beniamin Lucescu joins

Defendant Georgeta's[1] Motion and additionally moves to dismiss counts six through eight due to

---

[1] Because Defendants share the same last name, the Court refers to Defendants by their first names throughout this Opinion & Order.

1 – OPINION & ORDER

merger. Def. Beniamin's Joinder, ECF No. 69. For the following reasons, the Court denies Defendants' Motions.

Defendants' charges arise from an alleged scheme to defraud the Small Business Administration of money through misrepresentations in Economic Injury Disaster Loan ("EIDL") applications, as well as Defendants alleged use of such criminally derived property to pay off federal tax debt and purchase cryptocurrency. *See* Superseding Indictment ¶¶ 16–38, ECF No. 30. Defendants are charged with conspiracy to commit wire fraud, 18 U.S.C. § 1349, three counts of wire fraud, 18 U.S.C. § 1343, and conspiracy to commit money laundering, 18 U.S.C. § 1956(h). *Id.* ¶¶ 14–46. Defendant Beniamin is additionally charged with three counts of money laundering. *Id.* ¶¶ 47–48.

Defendants collectively move to dismiss counts five through eight of the Superseding Indictment due to merger, arguing that "[t]he alleged misuse of EIDL money to pay joint federal tax debt or buy cryptocurrency is central to the wire fraud's scheme to defraud and the money laundering [charges]." Def. Georgeta's Mot. Dismiss 6; *see also* Def. Georgeta's Reply 4, ECF No. 65 ("[H]ow the money is used *is* the evidence of the alleged scheme to defraud and how the money is used *is* the evidence of money laundering."). Thus, Defendants argue that they are being charged two crimes for one act. Def. Georgeta's Reply 4–5. The Government responds that the wire fraud and money laundering charges "are based on separate conduct effectuated by separate transactions." Gov.'s Resp. Def. Georgeta's Mot. Dismiss ("Gov.'s Resp.") 5, ECF No. 64; *see also id.* at 3 (Defendants' wire fraud concerns "how the funds were *obtained*" while Defendants' money laundering concerns "how the funds were *used*"). The Court agrees with the Government.

2 – OPINION & ORDER

In determining whether a merger problem exists, courts consider whether the transaction at issue is a "central component of the 'scheme to defraud.'" *United States v. Van Alstyne*, 584 F.3d 803, 815 (9th Cir. 2009); *see also United States v. Grasso*, 724 F.3d 1077, 1092 (9th Cir. 2013) ("First, we look to whether a given transaction was a central component of the underlying scheme." (internal quotation marks omitted)). For example, in *Van Alstyne*, the Ninth Circuit reversed two of the defendant's money laundering convictions because of the merger problem. 584 F.3d at 816. There, the defendant issued distribution checks to investors in a Ponzi scheme, inspiring the investors to send more money. *Id.* at 815. The court held that because "all of the particular counts of mail fraud . . . involved transmissions of checks to investors," "many, if not all, of the fraud counts of which [defendant] was convicted could have been charged as money laundering as well, sharply illustrating the 'merger' problem." *Id.*

Here, by contrast, the transactions giving rise to the money laundering charges, i.e., the transfer of EIDL proceeds for the purpose of paying off federal tax debt and purchasing cryptocurrency, are not a central component of Defendants' alleged scheme to defraud. Indeed, other than providing evidence of Defendants' fraudulent intent, the transfers are largely irrelevant to the wire fraud charges or, at minimum, not a central component as described in *Van Alstyne*. Defendants argue that "there is no . . . scheme to defraud unless (and until) the EIDL money is used to pay 'joint federal tax debt' or purchase cryptocurrency." Def. Georgeta's Mot. Dismiss 5. But Defendants' argument both misconstrues the Government's theory of the case and *Van Alstyne*. In *Van Alstyne* there was a merger problem because "many, if not all, of the fraud counts . . . could have been charged as money laundering . . . ." 584 F.3d at 815. Indeed, the "particular counts of mail fraud . . . involved transmissions of checks to investors . . . ." *Id.* Here, by contrast, the particular counts of wire fraud involve transmissions of EIDL

3 – OPINION & ORDER

applications—not monetary transactions. *Compare* Superseding Indictment ¶ 42, *with id.* ¶ 48; *see also* Bill of Particulars 5–7, ECF No. 62. Thus, none of the wire fraud counts here could also be charged as money laundering. For these reasons, the Court finds that Defendants are not charged with two crimes for the same act. There is no merger problem.

## CONCLUSION

The Court DENIES Defendant Georgeta Lucescu's Motion to Dismiss Count 5 Due to Merger [63] and Defendant Beniamin Lucescu's Joinder in Defendant Georgeta's Motion to Dismiss Count 5 Due to Merger and Motion to Dismiss Counts 6–8 [69].

IT IS SO ORDERED.

DATED this __1st__ day of July, 2026.

_____
AMY M. BAGGIO
United States District Judge